UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05022 AHM (JEMx) | Date | June 29, 2011 |
|---|---|---|---|
| Title | COUNTRYWIDE HOME LOANS SERVICING L.P. v. PEREZ, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

    In April 2011, plaintiff Countrywide Home Loans Servicing L.P. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Carlos Je Perez ("Defendant"). On June 14, 2011, Defendant removed this action to federal court, alleging jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1443.

    A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

    Federal diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy exceeding $75,000, and "[t]he amount in controversy is determined from the allegations or prayer of the complaint." William Schwarzer et al., *Federal Civil Procedure Before Trial* (2010 ed.), § 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, there is no allegation anywhere in the complaint suggesting the amount in controversy exceeds $75,000. Quite the opposite. Plaintiff filed the complaint in California state court as a limited civil case. Jurisdiction in limited civil cases is confined to cases in which the amount of damages demanded is less than $25,000. Cal. Civ. Proc. Code § 86. Moreover, Plaintiff explicitly seeks damages in the amount of $22,140 for past-due rent and rent in the amount of $82 per day from April 1, 2011. This places the amount in controversy well below $75,000. Therefore, there is no basis for diversity jurisdiction.

    Defendant also seeks to remove this case under the Civil Rights Act statute 28

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05022 AHM (JEMx) | Date | June 29, 2011 |
|---|---|---|---|
| Title | COUNTRYWIDE HOME LOANS SERVICING L.P. v. PEREZ, et al. | | |

U.S.C. §§ 1443(1), which states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

A notice of removal under § 1443(1) must satisfy a two-part test. First, the parties must "assert[] a right under federal law protecting civil rights stated in terms of *racial equality* (rather than general constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination)." Schwarzer et al., *supra*, at § 2:840 (emphasis in original). Second, "it must appear that the party seeking removal *cannot enforce the specified federal right in the state courts* because of a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. (emphasis in original).

Defendant fails to assert any right under a federal law protecting civil rights stated in terms of racial equality. He appears to assert due process and equal protection violations, but these are general constitutional provisions. Even if Defendant had satisfied the first prong of the § 1443 removal analysis, he has not identified any state statute or constitutional provision that purports to command the state courts to ignore any federal laws (let alone those relating to racial equality).

Defendant also asks the Court to "break the racial lock on Civil Rights Removal" by "reconsidering" various decisions by the United States Supreme Court limiting § 1443 removal to cases involving federal laws providing for specific civil rights stated in terms of racial equality. The Court cannot "reconsider" decisions by courts of superior jurisdiction, and declines Defendant's offer to do so.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05022 AHM (JEMx) | Date | June 29, 2011 |
|---|---|---|---|
| Title | COUNTRYWIDE HOME LOANS SERVICING L.P. v. PEREZ, et al. | | |

     Defendant has failed to set forth a basis for federal jurisdiction. Accordingly, the Court ORDERS, on its own motion, that this action be remanded to Los Angeles County Superior Court for lack of jurisdiction.

                                                                                           :

Initials of Preparer               SMO

**JS-6**